IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-02981-DDD-CYC

DANIEL W. DAUWE,

      Plaintiff,

v.

FRUITLAND IRRIGATION COMPANY,

      Defendant.

---

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
---

**Cyrus Y. Chung, United States Magistrate Judge.**

Defendant Fruitland Irrigation Company moves to dismiss the plaintiff's claims against it under Federal Rule of Civil Procedure 12(b)(6), and in the alternative, requests that the Court dismiss the case under the doctrine of *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817–18 (1976). ECF No. 27. Because the *Colorado River* doctrine applies, the Court recommends that the defendant's motion be granted and that the case be administratively closed.

### BACKGROUND

According to the Amended Complaint, the defendant began the Gould Canal Improvement Project in 2019, which aimed at improving an approximately twelve-mile irrigation ditch in the Fruitland Mesa area it operates. ECF No. 22 at 2–4. That irrigation ditch, at least in part, is on the plaintiff's property. *Id.* at 2–3. In November 2022, the irrigation ditch was filled with dirt. *Id.* at 6. Then, between April 2023 and May 2023, the defendant dug a new ditch, angling the walls of the ditch to allow shotcrete to adhere. *Id.* The new ditch, which the plaintiff

says was illegally filled with concrete because the defendant neither obtained a permit as

required by the Clean Water Act ("CWA") Section 404, 33 U.S.C. § 1344, nor qualified for an

exemption to the permit requirement, prevents seepage into the wetland, guaranteeing the

wetland will dry. *Id.* at 5–7. The plaintiff further alleges that the irrigation ditch is a pollution

point because algae grows in the new ditch in violation of 33 U.S.C. §1311(a). *Id.* at 6, 10.

Approximately three months after the defendant dug the new irrigation ditch, the plaintiff

filed an amended complaint against the defendant in state court for its actions arising out of the

aforementioned events. *See* ECF No. 28-2. Although the plaintiff did not attach a copy of his

state-court complaint to the complaint in this case, a court may "take judicial notice of . . . facts

which are a matter of public record." *Johnson v. Spencer*, 950 F.3d 680, 705 (10th Cir. 2020). On

October 24, 2024, the state court denied the plaintiff's motion for leave to amend his complaint.

ECF No. 28-6. The following day, the plaintiff commenced this action. ECF No. 1. While this

case was pending, the state court dismissed all of the plaintiff's claims either by way of granting

a motion to dismiss or by granting a motion for summary judgment. ECF Nos. 28-7, 51-1. The

plaintiff appealed his state-court action to the Colorado Court of Appeals. ECF No. 53 at 1.

On December 16, 2024, the plaintiff amended his complaint in this action. ECF No. 22.

Adding to the aforementioned events, the plaintiff asserts that the defendant planned to build a

bypass around a tunnel that partially collapsed and avers that the defendant failed to obtain the

required permits, authorizations, and approvals to complete that project. ECF No. 22 at 11, 14.

The Amended Complaint brings five claims of relief: (1) discharge into the waters of the United

States without a Section 404 permit; (2) adding appurtenant structure; (3) failure to obtain

Section 402 permit; (4) discharge of algae without a Section 402 permit; and (5) Upper Tunnel

Bypass in violation of the CWA. *Id.* at 8–14.

This motion followed. ECF No. 28.

## **ANALYSIS**

The Court held a hearing on this motion, ECF No. 53, and, at the hearing, the defendant asserted the primacy of its argument that *Colorado River* applied. April 1, 2025 FTR at 3:29:15–3:33:00. A motion requesting dismissal or stay under the *Colorado River* doctrine "does not fall under any enumerated provision of Federal Rule of Civil Procedure 12(b)," but a court "may exercise discretion to consider pre-answer motions involving abstention or surrender of jurisdiction." *Tetra Tech Inc. v. Town of Lyons*, 641 F. Supp. 3d 1042, 1057 (D. Colo. 2022) (citing *Foxfield Villa Assocs., LLC v. Regnier*, 918 F. Supp. 2d 1192, 1196 (D. Kan. 2013)).

The doctrine allows a federal court to either decline to exercise jurisdiction by dismissing the case or stay the case in deference to a pending parallel state-court action. *Colo. River*, 424 U.S. at 817–18; *Fox v. Maulding*, 16 F.3d 1079, 1080 (10th Cir. 1994). "[D]eclining to exercise jurisdiction based on the *Colorado River* doctrine is appropriate only in 'exceptional' circumstances," as federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them." *Fox*, 16 F.3d at 1081 (quoting *Colo. River*, 424 U.S. at 817–18). Indeed, it would be "a serious abuse of discretion" to dismiss or stay an action under the *Colorado River* doctrine unless "the parallel state-court litigation [is] an adequate vehicle for the complete and prompt resolution of the issues between the parties." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 28 (1983). It follows, then, that a court must "ascertain whether there exist 'exceptional' circumstances, the 'clearest of justifications,' that can suffice under *Colorado River* to justify the surrender of [federal] jurisdiction." *Id.* at 25–26.

Accordingly, the *Colorado River* requires a two-part analysis. First, a court must "determine whether the state and federal proceedings are parallel." *Fox*, 16 F.3d at 1081. If the

3

proceedings are parallel, then a court considers a "nonexclusive list of factors" to determine

whether "exceptional circumstances" exist that warrant deference to the parallel state proceeding.

*Id.* at 1082. Those factors are: (1) "the possibility that one of the two courts has exercised

jurisdiction over property;" (2) "the inconvenience from litigating in the federal forum;" (3) "the

avoidance of piecemeal litigation;" (4) "the sequence in which the courts obtained jurisdiction;"

(5) "the 'vexatious or reactive nature' of either case; " (6) "the applicability of federal law;" (7)

"the potential for the state-court action to provide an effective remedy for the federal plaintiff;"

and (8) "the possibility of forum shopping." *Wakaya Perfection, LLC v. Youngevity Int'l, Inc.*,

910 F.3d 1118, 1122 (10th Cir. 2018) (citing *Fox*, 16 F.3d at 1082).

*Parallelism*

A court must first determine whether the state-court action parallels the instant action. In

doing so, a court examines "the state proceedings as they actually exist to determine whether

they are parallel to the federal proceedings, resolving any doubt in favor of exercising federal

jurisdiction." *Allen v. Bd. of Educ., Unified Sch. Dist. 436*, 68 F.3d 401, 403 (10th Cir. 1995)

(internal citations and quotation marks omitted). "Suits are parallel if substantially the same

parties litigate substantially the same issues in different forums." *Fox*, 16 F.3d at 1081.

Here, the parties are identical.

The claims are also substantially the same. Four of the plaintiff's five claims in this

action can be found in the state court complaint. For instance, the plaintiff's first claim in this

action is that the defendant violated the CWA by filling the irrigation ditch and filling in its

adjacent wetland; that claim is substantially similar to the plaintiff's sixth claim in state court.

ECF Nos. 22 at 8–9, 28-2 at 4. The sixth claim in state court includes the plaintiff alleging that

the defendant violated the Environmental Protection Agency's rules and regulations by filling the

irrigation. ECF No. 28-2 at 4. While the plaintiff avers that the claims are different because they are being brought under different parts of the same statute, *Colorado River* does not require identical claims. *See Fox*, 16 F.3d at 1081 ("Suits are parallel if substantially the same parties litigate substantially the same issues in different forums.").

The plaintiff's second claim, which in this action is that the defendant violated the CWA by adding an intake structure made of concrete with wing walls and a steel grate, is substantially the same as the plaintiff's third claim in his state action. ECF Nos. 22 at 9–10, 28-2 at 2–3. That claim asserts that "the Defendant has illegally altered the ditch by adding a transition from open ditch to underground conduit." ECF No. 28-2 at 2–3. For this claim, the plaintiff concedes that he brings them in both the state and federal court actions, but asserts that they are being brought under different violations. ECF No. 39 at 11. Again, the claims do not have to be identical, only substantially the same. *See Fox*, 16 F.3d at 1081.

The plaintiff's third claim in this action is that the defendant failed to obtain a permit in violation of the CWA. While the plaintiff alleges that he did not bring this claim in state court, the claim is substantially similar to the plaintiff's fifteenth claim in the state action. ECF Nos. 22 at 10, 28-2 at 6. There, the plaintiff says that "[t]he Defendant never received any exemption from the EPA rules [and i]t did not get a full Clean Water Act Section 404 approval." The fifteenth claim, then, asserts that the plaintiff never obtained the necessary permit, which is substantially the same to the plaintiff's third claim in this action. *See Fox*, 16 F.3d at 1081.

The plaintiff's fourth claim in this action is that the defendant violated the CWA by discharging algae, which is a pollutant. ECF No. 22 at 10. Similar to his argument above, the plaintiff avers that he did not bring this claim in the state action. ECF No. 28-2 at 5. But the plaintiff's eleventh claim in the state action is that algae grows in the canal and the defendant

5

then piles it on the plaintiff's property. This claim, then, is substantially the same to the

plaintiff's third claim in this action. *See Fox*, 16 F.3d at 1081.

The plaintiff's final claim is that the defendant's most recent project, the Upper Tunnel

Project, violates the CWA because the defendant purportedly "failed to obtain the permits,

authorizations, and approvals as required by law." ECF No. 22 at 14. The plaintiff asserts that he

did not plead this claim in state court. While true, adjudicating this claim would require a

determination of whether the waters in question are waters of the United States. *See Sackett v.*

*Env't Prot. Agency*, 598 U.S. 651, 671 (2023) (concluding that "waters of the United States"

includes "only those relatively permanent, standing or continuously flowing bodies of water

'forming geographic[al] features' that are described in ordinary parlance as 'streams, oceans,

rivers, and lakes'"). But the state court has already decided that the water in question is not a

water of the United States, which would be determinative here. ECF No. 51-1. The plaintiff is

currently appealing this decision, and the outcome of that appeal would appear to decide the

issue finally. ECF No. 53 at 1.

In all, the plaintiff, in large part, seeks the same relief in both cases — restoration and

damages. Accordingly, the Court concludes that this action and the state action are sufficiently

parallel because they involve identical parties and substantially the same issues. *See CNSP, Inc.*

*v. City of Santa Fe*, 753 F. App'x 584, 589–90 (10th Cir. 2018) ("Proceedings may be parallel

even if they are far from identical. Based on the circumstances showing that substantially the

same parties are litigating substantially the same issues in both the federal and state cases, we

find no abuse of discretion in the district court's determination that the state and federal

proceedings are parallel." (internal quotation marks and citation omitted)).

6

<u>Colorado River Factors</u>

In evaluating whether exceptional circumstances exist, "[n]o single factor is dispositive,"

*Fox*, 16 F.3d at 1082, and "[t]he weight to be given to any one factor may vary greatly from case

to case." *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 16.

The first factor, "the possibility that one of the two courts has exercised jurisdiction over

property," *Wakaya Perfection*, 910 F.3d at 1122, is inapplicable because the dispute is not over

property. *See D.A. Osguthorpe Fam. P'ship v. ASC Utah, Inc.*, 705 F.3d 1223, 1234 (10th Cir.

2013) (stating that "acquiring jurisdiction over property in the course of . . . litigation" means

that the lawsuit is "an action in rem or quasi in rem").

The second factor, i.e., "the inconvenience from litigating in the federal forum," *Wakaya*

*Perfection*, 910 F.3d at 1122, is neutral. Although the defendant asserts that Delta County, where

the state-court action is pending in, is over 250 miles away from Denver, many of the initial

proceedings may be handled by telephone or videoconference, thus requiring no travel. *See RMR*

*Industrials, Inc. v. Garfield Cnty., Colorado*, No. 19-CV-01445-RBJ-GPG, 2019 WL 10250745,

at *5 (D. Colo. Sept. 29, 2019), *report and recommendation adopted*, 2019 WL 10250744 (D.

Colo. Nov. 29, 2019). Still, even if the matter went to trial, it is possible that this Court could

handle the matter from the Grand Junction federal courthouse, which is approximately forty

miles from the Delta County courthouse. *See id.* However, this factor does not weigh in the

plaintiff's favor because he took no position. As such, the second factor is neutral.

The third factor, i.e., "the avoidance of piecemeal litigation," *Wakaya Perfection*, 910

F.3d at 1122, weighs in favor of abstention. The Tenth Circuit has held that this factor is the

"paramount consideration" of the *Colorado River* analysis. *D.A. Osguthorpe Fam. P'ship*, 705

F.3d at 1234. "Piecemeal litigation occurs when different tribunals consider the same issue,

7

thereby duplicating efforts and possibly reaching different results." *Leago v. Ricks*, No. 20-CV-03297-NRN, 2021 WL 2650316, at \*4 (D. Colo. June 28, 2021) (quoting *Am. Int'l Underwriters (Philippines), Inc. v. Cont'l Ins. Co.*, 843 F.2d 1253, 1258 (9th Cir. 1988)). Here, as noted above, the parties are litigating substantially the same issues, based on substantially the same facts, but in different forums. Under these circumstances, this Court would be considering substantially the same claims that are currently pending before the Colorado Court of Appeals.[1] *See, e.g., Foxfield*, 918 F. Supp. 2d at 1199 ("Here, duplication of proceedings is almost certain to occur, as the issues being litigated in state court mirror those before the court in this action, and both cases rely on the same factual and legal assertions."). Therefore, the third factor weighs significantly in favor of abstention. *See id.*

Considering the fourth factor, i.e., "the sequence in which the courts obtained jurisdiction," *Wakaya Perfection*, 910 F.3d at 1122, does not hinge on "a strict first-past-the-post analysis," but instead "is measured 'in terms of how much progress has been made in the two actions.'" *Watermark Harvard Square, LLC v. Calvin*, No. 17-cv-00446-RM-KMT, 2018 WL 1166707, at \*5 (D. Colo. Mar. 6, 2018) (quoting *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 21–22), *report and recommendation adopted*, 2018 WL 1952587 (D. Colo. Mar. 29, 2018). Here, the state court action resulted in a judgment against the plaintiff. He then appealed that judgment to the Colorado Court of Appeals. The state court action, then, has resulted in substantial proceedings. Unlike the state court action, the federal action has not entered a scheduling order and, as such, is in the beginning stages of litigation. Accordingly, this factor weighs in favor of

---

[1] The Court does not consider res judicata because there is not a final judgment. *See Makeen Inv. Grp., LLC v. Woodstream Falls Condo. Ass'n, Inc.*, No. 16-CV-01250-WJM-MLC, 2018 WL 4368941 (D. Colo. July 2, 2018), *report and recommendation adopted*, 2018 WL 4481871 (D. Colo. Sept. 19, 2018).

abstention. *See Leago*, 2021 WL 2650316, at \*4 ("In general, the federal court should exercise

jurisdiction in instances where substantial proceedings have not taken place in state court.").

The fifth factor, i.e., "the vexatious or reactive nature of either case," *Wakaya Perfection*,

910 F.3d at 1122, weighs in favor of abstention. The plaintiff was denied an opportunity to

amend his complaint in the state-court action on October 24, 2025, ECF No. 28-6, and the very

next day, in what appears to be reactive to that state-court decision, the plaintiff commenced this

action. ECF No. 1. *See Cassino v. JPMorgan Chase Bank Nat'l Ass'n*, No. 20-cv-03228-RM-

KLM, 2021 WL 3666964, at \*5 (D. Colo. August 17, 2021) ("[T]he case here appears to be

reactive to his loss in state court and vexatious to the extent he asserts claims which were or

which could have been asserted in the state court litigation."), *report and recommendation*

*adopted*, 2021 WL 4398603 (D. Colo. Sept. 27, 2021), *aff'd*, No. 22-1049, 2022 WL 3012270

(10th Cir. July 29, 2022); *see also D.A. Osguthorpe Fam. P'ship*, 705 F.3d at 1235 ("And it has

also not escaped our attention that [the plaintiff] came to the federal courts for relief only after

receiving an unfavorable state-court ruling on arbitrability several years after litigation had

begun in Utah's state-court system."). Further demonstrating that this case was filed in reaction

to his unfavorable rulings, at the motions hearing, the plaintiff, at multiple points, attempted to

argue that the state court misapplied the law and repeatedly informed this Court of how the law

should have been applied. April 1, 2025 FTR at 2:33:56–2:39:28, 2:48:05–2:49:50, 2:54:15–

2:55:50. Thus, this factor weighs in favor of abstention.

As to the sixth factor, i.e., "the applicability of federal law," *Wakaya Perfection*, 910 F.3d

at 1122, the plaintiff brings his claims under the CWA. "[T]his factor does not automatically

compel the conclusion that the resolution of a claim arising under [federal law] is a task better

suited for the federal courts." *D.A. Osguthorpe Fam. P'ship*, 705 F.3d at 1235. Nevertheless, "as

a practical matter, the presence of federal claims would counsel in favor of exercising

jurisdiction, while the lack of such claims renders more reasonable a court's decision to decline

jurisdiction." *MacIntyre v. JP Morgan Chase Bank*, No. 12-CV-2586-WJM-MEH, 2015 WL

1311241, at *4 (D. Colo. Mar. 19, 2015), *judgment entered*, 2015 WL 1332256 (D. Colo. Mar.

20, 2015), *and aff'd*, 644 F. App'x 806 (10th Cir. 2016). Though the defendant argues that the

CWA does not apply to the waters in question, the plaintiff's claim still arises under the CWA.

As such, this factor weighs in favor of exercising jurisdiction.

Considering the seventh factor, i.e., "the potential for the state-court action to provide an

effective remedy for the federal plaintiff," *Wakaya Perfection*, 910 F.3d at 1122, the Court has

> no trouble concluding that the Colorado state court proceedings will adequately
> protect not only [Plaintiff's] rights, but the rights of all the parties to this dispute.
> Colorado's judiciary is chosen via a merit-selection process where judges are
> appointed by the governor from a list of nominees submitted by a judicial
> nomination commission . . . . Judicial performance commissions evaluate the
> performance of judges and judges stand for retention at least two years after their
> appointment. This is a lauded system that seeks to ensure judicial competence,
> impartiality, and independence.

*Leago*, 2021 WL 2650316, at *5 (citing David P. Hersh, Selection of Independent Colorado

Judges, The Docket (January 23, 2015), https://www.dbadocket.org/ethics/selection-of-

independent-colorado-judges/). Thus, this factor weighs in favor of abstention.

The eighth and final factor, i.e., "the possibility of forum shopping," *Wakaya Perfection*,

910 F.3d at 1122, weighs in favor of abstention. As discussed in the Court's analysis of the fifth

factor, the plaintiff filed this case the day after receiving an adverse ruling in the state-court

action. It "appears that Plaintiff[] then decided to shop for another forum which [he] hoped

would be more favorable . . . , i.e., this federal forum." *Tetra Tech*, 641 F. Supp. 3d at 1063–64;

*see Airborne ECS, LLC v. Lee*, No. 4:19-CV-00071-DN, 2020 WL 416665, at *4 (D. Utah Jan.

27, 2020). Thus, this factor weighs in favor of abstention.

10

Accordingly, the Court has found that five factors weigh in favor of abstention. Only one

weighs against it. The balance, then, weighs in favor of declining jurisdiction.

The remaining question is whether this case should be dismissed or stayed pending

resolution of state-court proceedings. *See Leago*, 2021 WL 2650316, at *5; *MacIntyre*, 2015 WL

1311241, at *5. When it is possible that "the state court proceedings [may] not resolve all the

federal claims, a stay preserves an available federal forum in which to litigate the remaining

claims, without the plaintiff having to file a new federal action." *Fox*, 16 F.3d at 1083. Although

the state court will almost certainly resolve the plaintiff's claims, "the better practice is to stay

the federal action pending the outcome of the state proceedings. *Id.* at 1083; *Leago*, 2021 WL

2650316, at *5 (same). Given that administrative closure is "the practical equivalent of a stay,"

*Quinn v. CGR*, 828 F.2d 1463, 1465 n.2 (10th Cir. 1987), the Court recommends administrative

closure.

### CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that the Motion to Dismiss, ECF

No. 22, be **GRANTED in part**, that the case be **administratively closed** pending resolution of

the plaintiff's state-court appeal, and that the parties be directed to file a status report or motion

to reopen the case ten days after such resolution.[2]

---

[2] Be advised that all parties shall have fourteen days after service hereof to serve and file any
written objections in order to obtain reconsideration by the District Judge to whom this case is
assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings
or recommendations to which the objections are being made. The District Court need not
consider frivolous, conclusive, or general objections. A party's failure to file such written
objections to proposed findings and recommendations contained in this report may bar the party
from a *de novo* determination by the District Judge of the proposed findings and
recommendations. *United States v. Raddatz*, 447 U.S. 667, 676–83 (1980); 28 U.S.C. §
636(b)(1). Additionally, the failure to file written objections to the proposed findings and
recommendations within fourteen days after being served with a copy may bar the aggrieved
party from appealing the factual findings and legal conclusions of the Magistrate Judge that are

Respectfully submitted this 15th day of August, 2025, at Denver, Colorado.

BY THE COURT:

Cyrus Y. Chung
United States Magistrate Judge

---

accepted or adopted by the District Court. *Duffield v. Jackson*, 545 F.3d 1234, 1237 (10th Cir.
2008) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)). <u>Finally, all parties
must consult and comply with the District Judge's practice standards for any specific
requirements concerning the filing and briefing of objections.</u>